AO 91 (Rev. 5/85) Criminal Complaint

Case 1:07-cr-00580-GTS   Document 4   Filed 08/16/07   Page 1 of 8

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
AUG 1 6 2007
LAWRENCE K. BAERMAN, CLERK
ALBANY

# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __NEW YORK__

UNITED STATES OF AMERICA

v.

**John C. Hotaling**

## CRIMINAL COMPLAINT

CASE NUMBER: ___05-MJ-265___ (RFT)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or between __June of 2004 and July 2005__ in __Schoharie__ county, in the Northern District of New York defendant(s) did, (Track Statutory Language of Offense)

    1. Use a facility or means of interstate commerce to knowingly and willfully attempt to
persuade, induce, entice, an individual who has not attained the age of 18 years to engage in
a sexual act for which he may be criminally prosecuted; and

    2. knowingly and willfully possess material that contains an image of child pornography
that has been mailed, and shipped and transported in interstate and foreign commerce, or which
was produced using materials which have been so mailed, shipped and transported,

in violation of Title ___18___ United States Code, Section(s) __2422(b); 2252A(a)(5)(B); & 2256(8)(C)__

I further state that I am a(n) __Investigator with the NYS Police__ and that this complaint is based on the following facts:
                                           Official Title

Continued on the attached and made a part hereof.   __X__ Yes   __ No

_Signature of Complainant_
Investigator George Bird
New York State Police

Sworn to before me, and subscribed in my presence,

__August 16 , 2007__                at      __Albany, New York__
       Date                                  City and State

__Mag. Judge Randolph F. Treece__
Name and Title of Judicial Officer           Signature of Judicial Officer

IN THE MATTER OF AN APPLICATION
BY THE UNITED STATES OF AMERICA
IN SUPPORT OF A CRIMINAL COMPLAINT

### APPLICATION AND AFFIDAVIT OF INVESTIGATOR GEORGE BIRD

I, Investigator George Bird, having been first duly sworn, do hereby depose and state as follows:

1. I am an Investigator with the New York State Police (NYSP) and have been so employed for approximately fourteen (14) years. I have been employed by the NYSP since 1986. I am currently assigned to a barracks in Cobleskill, New York. I have been involved in numerous sex crime investigations, including such investigations involving children. I have also attended a 40 hour course focusing on investigating such cases.

2. I make this affidavit in support of an application for a complaint and arrest warrant for a John C. Hotaling.

3. I submit that there is probable cause to believe that evidence of the following violations exits:

   a. <u>18 U.S.C. § 2422(b)</u>

   As is relevant here, Title 18, United States Code, Section 2422(b) provides that:

   Whoever, using any facility or means of

> interstate or foreign commerce, knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years to engage in...any sexual act for which any person may be criminally prosecuted, or <u>attempts</u> to do so, has committed an offense.

New York State Penal Law, Section 130.25 (2) defines the crime of Rape in the third degree as follows: A person is guilty of rape in the third degree when:...2. Being twenty-one years old or more, he or she engages in sexual intercourse with another person to whom the actor is not married less than seventeen years old.

    b.   <u>18 U.S.C. § 2252A(a)(5)(B)</u>

As is relevant here, Title 18, United States Code, Section 2252A(a)(5)(B) provides that:

> [a]ny person who...knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer...

has committed an offense.

    c.   <u>18 U.S.C. § 2256</u>

As is relevant here, child pornography is defined to include visual depictions which have "been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." <u>See</u> 18 U.S.C. § 2256(8)(C).

2

4. On June 23, 2004, Jane Doe #1, then age 15, reported that John C. Hotaling, then age 43, had engaged her in inappropriate physical contact by hugging her too tightly and placing his hands on her buttocks on two occasions. Additionally, Doe #1 reported that in June of 2004, Hotaling had engaged her in computer correspondence of a sexual nature that made her uncomfortable.

5. On June 23, 2004, Jane Doe #1 also provided a copy of America Online instant messaging computer communications between herself and Hotaling. A review of this correspondence revealed, among other things, that on or about June 22, 2004, Hotaling expressed his attraction to Jane Doe #1 and stated that he had possibly made her uncomfortable by telling her that she looked "sexy". He further stated that "this is just between you and me and the fly on the wall...I may be 43 but I still have a pulse and im just a normal guy with all those hormones......trust me your sexy."

6. On December 30, 2004, I visited the residence of John Hotaling. Hotaling was interviewed and admitted wanting to have a sexual relationship with Jane Doe #1, but denied any inappropriate contact with her.

7. On December 30, 2004, I interviewed Jane Does #1 and 2,

minor children of John Hotaling. The girls were advised of the allegations made against their father by Jane Doe #1. Jane Doe #2 stated that other minor females have made similar claims.

8. On or about January 14, 2005, additional computer correspondence between John Hotaling and Jane Doe #1 was discovered. A review of this correspondence revealed that Hotaling was subjecting Jane Doe #1 to sexual conversations and trying to persuade her to engage in a secret sexual relationship with him. During this conversation, Hotaling stated, among other things, that it would drive him crazy if she lived in the same house because he "seriously" "wants" her. He then explained to her that he was attracted to her because she resembled a former girlfriend. He also stated (1) "age really is just a number and not important if 2 people are in love.....it is just maybe not socially acceptable so you cant tell anyone.....then sneaking and intrigue can be fun. lol"; (2) "yeah but its only an issue if you let it be......if you like me and I like you the age thing doesnt matter....just cant tell anyone cause they wouldnt understand or accept" ; (3) "Sorry im lonely and horny and you look so much like her....like I said we had great great sex"; (4)"so I look at you and get a rise in my fries lol"; and (5) "I can be your sugar daddy lol".

9. On January 18, 2005, I applied for and was granted a search

warrant directing a search of the residence of John Hotaling, 148 France Street, Sharon Springs, N.Y.

10. On January 18, 2005, said search warrant was executed at the residence of John Hotaling. Seized for examination was one computer tower, compact and floppy discs located in the living room of said home. Hotaling was arrested for Endangering the Welfare of a Child and brought to a NYSP barracks in Cobleskill, New York, for continued investigation. There, Hotaling gave a sworn written statement in which he detailed his attempts to encourage Jane Doe #1 to engage in a sexual relationship with him.

11. On April 13, 2005, the examination of the computer tower seized from the residence of Hotaling was concluded. The results of that examination revealed that Hotaling possessed computer images of a number of known minor females which he had digitally altered. More specifically, the heads of the minor females had been "cut and pasted" onto the bodies of naked females posed in a sexually provocative manner or engaged in sexual activity. For instance, a number of these images depicted naked females with the heads of the known female minors with their legs spread apart. Another depicted a female with the head of one of the minors inserting a dildo into her naked vagina. Another image depicted a naked female with the head of one of these minors with her legs spread apart and a male

masturbating his naked erect penis next to her.

12. On May 11, 2005, I interviewed Jane Doe #3, regarding this investigation. She stated that her Hotaling had told her that he altered photographs of her friends to make them appear to have posed naked. She also stated that the photographs were taken with Hotaling's digital camera.

13. The use of America Online to communicate involves electronic transmissions that travel from the point of destination to the State of Virginia.

14. Attempted vaginal intercourse and oral sex between a 15 year old female and 43 year old male is a crime in the State of New York under NYS Penal Law, Sections 110/130.25 (2) and 110/130.40 (2). Attempted sexual contact between an adult and a minor is a crime in the State of New York under NYS Penal Law, Section 110/130.55.

15. The aforesaid computer and digital camera, and their components, were manufactured outside the State of New York.

16. Based upon the information detailed above and my experience as an Investigator with the New York State Police, I

submit that there is probable cause to believe that Hotaling has committed violations of Title 18, United States Code, Sections 2422(b) and 2252A. Accordingly, I respectfully request that this Court issue a criminal complaint and an arrest warrant for JOHN C. HOTALING.

George Bird
Investigator
NYSP

Sworn to me this 16 day of August ~~July,~~ 2007

HON. Randolph F. Treece
United States Magistrate Judge